# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No.:  2:11-cr-00442-GMN-GWF-2 |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| ) | |
| DEON FREDERICK SMITH, ) | **(ECF No. 117)** |
| ) | |
| Defendant. ) | |

Before the Court is the Government's Rule 404(b) Notice (ECF No. 117), the Government's Sealed Supplement (ECF No. 125), and Defendant's Response (ECF No. 126).

In its Notice, the Government advises counsel of its intent to introduce evidence of Defendant's prior criminal history noting the following five (5) convictions in Defendant's criminal history:

1.     On April 4, 2004, in Nevada, for Attempted Grand Larceny, for which Defendant was apprehended as he was leaving the scene;

2.     On November 3, 2004, for felony Burglary, in Nevada, whereby Defendant was caught in the act, and subsequently apprehended;

3.     On November 23, 2004, in Nevada, for Attempt Invasion of the Home, for which Defendant was apprehended following an investigation that revealed Defendant's fingerprints in a getaway vehicle;

4.     On March 14, 2005, for Attempt Possession of Stolen Vehicle, in Nevada, for which Defendant was apprehended inside the home of an unrelated third-party following a hit and run incident;

5.     On February 20, 2010, for Obstruction, in Nevada, whereby Defendant was

apprehended for providing false information to police.

(Notice, 4:5-14, ECF No. 117.)

However, the Government later filed a Sealed Supplement (ECF No. 125) clarifying that it intends only to offer as Rule 404(b) evidence the Defendant's 2004 conviction for Attempted Invasion of the Home and 2005 conviction for Attempted Possession of Stolen Vehicle in its case-in-chief.[1]  In its Response, the Defendant argues there is no indication that these two prior convictions demonstrate knowledge that would tend to prove any elements of the offense for which he is charged – Accessory After the Fact: 1) knowledge an offense against the United States had been committed by Mr. Jackson; or, 2) that Mr. Smith aided Mr. Jackson in evading arrest. (ECF No. 126.)

**Admissibility Pursuant to Rule 404(b)**

The Ninth Circuit has adopted a four-part test to determine whether to admit evidence of bad conduct for one of the purposes identified in Rule 404(b).  The evidence must: "(1) be relevant to a material element of the offense; (2) be similar to the charged conduct; (3) be based on sufficient evidence; and (4) not be too remote in time." *United States v. Howell*, 231 F.3d 615, 628 (9th Cir. 2000); *see also United States v. Montgomery*, 150 F.3d 983, 1000-01 (9th Cir. 1998).

<u>*Materiality and Similarity*</u>

The similarity prong of the Ninth Circuit's test is a "factor pertinent to rational appraisal of the probative value of the evidence in relation to the purpose for which it is being offered." *United States v. Ramirez-Jiminez*, 967 F.2d 1321, 1326 (9th Cir. 1992); *see also United States v. Vizcarra- Martinez*, 66 F.3d 1006, 1018 n.5 (9th Cir. 1995) (recognizing the "similarity inquiry as a means to assess the relevance and probative value of the evidence").  To establish

---

[1] The Government advises it does not seek to admit the Defendant's 2011 conviction for suspected burglary .

similarity, therefore, "the government must prove a logical connection between the knowledge gained as a result of the commission of the prior act and the knowledge at issue in the charged act." *United States v. Mayans*, 17 F.3d 1174, 1181-82 (9th Cir. 1994).

As the defense points out, the "Government must articulate precisely the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence." *Id.* at 1181 (citation omitted). In cases where the Government seeks to prove knowledge, it must prove a logical connection between the knowledge gained from commission of the prior act and the knowledge at issue in the charged act. *U.S. v. Garcia-Orozco*, 997 F.2d 1302, 1304 (9th Cir. 1993).

Here, the Government offers the evidence to establish knowledge and absence of mistake. The Court agrees that these are both material elements of the offense of Accessory After the Fact. To establish that the Defendant committed the crime of Accessory After the Fact, the Ninth Circuit Model Criminal Jury Instructions state as follows:

### 5.2   *ACCESSORY AFTER THE FACT*

The defendant is charged with having been an accessory after the fact to the crime of [specify crime charged]. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knew that [name of principal] had committed the crime of [specify crime charged]; and

Second, the defendant assisted [name of principal] with the specific purpose or design to hinder or prevent that person's [apprehension] [trial] [or] [punishment].

9th Cir. Manual of Model Crim. Jury Instructions, 5.2 (2010). Furthermore, the commentary suggests that "the jury should be instructed that the accessory after the fact must act with the 'specific purpose or design' to hinder or prevent the principal's apprehension, trial or punishment." *Id.* (citing *United States v. Mills*, 597 F.2d 693, 697 (9th Cir.1979)).

In this case, the Government argues the "inference drawn from Defendant's criminal history, (is) that he was uniquely qualified to assist Mr. Jackson avoid apprehension after the bank robbery." (ECF No. 117 at 4, ll. 22-24.)  However, the Defendant asserts that the 'unique' knowledge attributed to him by the Government is actually very general common sense knowledge. (ECF No. 126 at 7-8.)  Proof of relevance at a general level is not sufficient for the purposes of proving a logical relationship between the specifics of the prior acts and the offense charged. *Mayans*, 17 F.3d at 1182.

**2004 Conviction**

The Government specifically claims evidence of the Defendant's 2004 conviction demonstrates his knowledge that any fingerprint evidence Mr. Jackson left behind could lead to his apprehension. (ECF No. 125 at 4, ll. 9-16.)  The Government explains that the Defendant was previously convicted, in part, because he left his fingerprints on an abandoned vehicle and that this particular lesson learned is probative because it demonstrates that when Mr. Jackson arrived at his residence, he knew to take the coin tray and deposit ticket, which both contained Mr. Jackson's fingerprints, and hide it behind the washing machine to prevent Mr. Jackson's apprehension. (ECF No. 125 at 4, ll. 11-14.)

The Court finds that under *Mayans* and progeny, the Government has articulated precisely the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence.  The Government has furnished the specific link between the knowledge gained when the Defendant was apprehended in 2004 with the use of fingerprints and the knowledge at issue in the present case.  This circumstance of his prior conviction regarding the use of fingerprints is sufficiently similar to the facts presented in his current case.  The knowledge the Defendant gained from his 2004 conviction, the lesson learned about the importance of not leaving fingerprints, furnishes a permissible inference/link that the Defendant was drawing upon this knowledge and assisting Mr. Jackson when he took items Mr. Jackson

had touched likely leaving fingerprints upon them and hid these same items behind the washing machine to prevent his arrest.

### 2005 Conviction

The Government also claims evidence of the Defendant's 2005 conviction demonstrates Defendant's knowledge that: (1) the residence of an unrelated third-party does not offer a secure refuge when attempting to avoid apprehension; and (2) having a secure refuge would increase the likelihood of avoiding apprehension following a criminal incident. (ECF No. 125 at 4, ll. 1-4.)  Defendant randomly sought refuge in someone's home when he fled police after the 2005 hit and run incident; however, the homeowner began screaming and the Defendant was apprehended.  Defendant's knowledge gained as a result of having been apprehended inside the home of a stranger provides a permissible basis for the jury to find the Defendant was calling upon this specific knowledge or lesson learned and acting upon on it when he provided Mr. Jackson refuge.  His prior experience reveals his instant conduct to be of similar design or purpose.

The Government also claims evidence of the specific circumstances regarding the 2005 conviction demonstrates absence of mistake because it makes less probable Defendant's assertion that Mr. Jackson randomly appeared at the apartment after the robbery. (ECF No. 125 at 5, ll. 5-6.)  Rather, evidence from the 2005 conviction corroborates Mr. Jackson's statement that he told the Defendant "a few days before the robbery he wanted to rob a bank" and the Defendant remarked he "would get caught and didn't take him seriously."  The Government also claims evidence of the 2005 conviction demonstrates that the Defendant knew the value of a safe refuge to avoid apprehension when he admitted he received $700.00 from Mr. Jackson after the robbery as payment for allowing him to retreat into his residence.

As the court in *Mayans* indicated, proof of relevance at a general level is not sufficient for the purposes of proving a logical relationship between the specifics of the prior acts and the

offense charged. *Mayans*, 17 F.3d at 1182. However, there does exist a logical connection between the specific knowledge the Defendant gained from the circumstances resulting in his prior conviction and the subsequent knowledge of the Defendant at issue in this case. The Government has provided the specific link. The jury could find it was this prior knowledge or lesson learned that the Defendant exercised. This would satisfy both the knowledge element as well as demonstrate absence of mistake regarding the second element of the instant offense: that he received, relieved, comforted, or assisted Mr. Jackson in order to hinder or prevent his apprehension, trial or punishment. *See* 18 U.S.C. § 3 (2012).

### Sufficiency

A conviction, rather than simply an arrest, is needed to prove that a defendant committed the act. *Accord United States v. Vo*, 413 F.3d 1010, 1018 (9th Cir. 2005) (finding that a conviction left no question as to the sufficiency of the evidence). Evidence of a prior conviction is sufficient proof that a defendant committed the crime. *See Howell,* 231 F.3d at 628; *see also United States v..Arambula-Ruiz*, 987 F.2d 599, 602 (9th Cir. 1993). That Defendant was convicted is sufficient proof that he committed the prior acts. *See Howell*, 231 F.3d at 628.

### Remoteness

To be admissible pursuant to Rule 404(b), a conviction must not be too remote in time. *U.S. v. Plancarte-Alvarez*, 366 F.3d 1058, 1062 (9th Cir. 2004). With regard to the fourth factor, Defendant's previous convictions are not so remote in time so as to prevent admissibility. "The Ninth Circuit has had held that offenses more than 10 years old are not too remote in time for purposes of admission under Rule 404(b)." *See Garcia*, 730 F.Supp.2d 1159, 1173 (C.D. Cal. 2010); *see also U.S. v. Johnson*, 132 F.3d 1279, 1283 (9th Cir. 1997) (permitting admission of 13 year-old acts); *U.S. v. Ross*, 886 F.2d 264, 267 (9th Cir. 1989) (affirming admission of 13 year-old prior act); *U.S. v. Spillone*, 879 F.2d 514, 519 (9th Cir.

1989) (concluding 10 year-old conviction was not too remote). Evidence of Defendant's criminal history, therefore, remains admissible despite having occurred over a span of approximately 10 years. Accordingly, the evidence satisfies the fourth factor.

**Admissibility Pursuant to Rule 403**

It is important to note that evidence of Defendant's conviction, without more, does not support the inference that Defendant made his apartment available to Mr. Jackson knowing he had committed the robbery and hid items bearing Mr. Jackson's fingerprints all to assist Mr. Jackson to evade capture. Rather, it is the specific circumstances of each of the two prior convictions which is probative of the Defendant's knowledge and lack of mistake. Thus, it is important to weigh the probative value of this evidence against its prejudicial effect upon the jury. *See Huddleston v. United States*, 485 U.S. 681, 691 (1988); *see also Mayans,* 17 F.3d at 1183. Under Rule 403, no evidence may be admitted if its probative value is substantially outweighed by the danger of unfair prejudice to the defendant. Fed. R. Evid. 403.

The Court finds that the specific evidence regarding only the relevant circumstances of the prior offense as referred to *supra,* (e.g., the discovery of the defendant's fingerprints on a vehicle leading to his arrest/conviction and his unsuccessful attempt to escape into the home of a stranger leading to his arrest/conviction, etc.,) outweighs the danger of unfair prejudice. However, the Government will have to tread lightly and not elicit any further information about the two prior offenses which is not similar to the charged conduct or relevant to a material element of the offense of Accessory After the Fact. Furthermore, the Court finds it is necessary to provide a limiting instruction to the jury to minimize the risk that they will view the defendant's prior convictions as indicative of a propensity to commit a crime. The parties are advised to offer appropriate language to the Court to be read during trial after the evidence has been elicited.

/ / /

# CONCLUSION

In this case, both convictions indicate Defendant's familiarity with methods of apprehension which are sufficiently similar to the circumstances presented here. In relation to the 2004 conviction, the Defendant was apprehended when his fingerprints were discovered on an abandoned vehicle, and in relation to the 2005 conviction, he was apprehended after seeking refuge from police inside a stranger's residence. In the instant case, it is alleged that the Defendant provided refuge to Mr. Jackson and hid items touched by him in an effort to prevent fingerprint evidence. Furthermore, these specific circumstances of the prior convictions are relevant to a material element of the offense, knowledge and absence of mistake. Both courses of conduct alleged each led to a conviction, therefore sufficiency is established and neither the 2004 nor the 2005 offenses are too remote in time.

The probative value is high and a limiting instruction providing that the evidence may be considered only for the limited purpose of assessing Defendant's knowledge, plan, and absence of mistake will mitigate any prejudice and direct the jury to use the evidence only for its proper purpose. See *Huddleston v United States*, 485 U.S. 681, 691-92 (1988). For these reasons, the Court need not exclude the evidence under Rule 404(b) nor 403.

**DATED** this 9th day of October, 2013.

_____
Gloria M. Navarro
United States District Judge